IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John G. Hill, | Case No.: 8:10-1913-MGL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Senenet, Inc. Employee Health Care Plan, | |
| Defendant. | |

THIS MATTER CAME BEFORE THE COURT on August 8, 2012 by way of Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, or Alternatively, for Judgment Pursuant to Fed. R. Civ. P. 54 ("Motion"). (ECF No. 42.) Robert E. Hoskins was present on behalf of the Plaintiff John G. Hill. Defendant Senenet, Inc. Employee Health Care Plan (hereinafter "the Plan") did not make an appearance. The Plan filed an answer to Plaintiff's complaint early on in this litigation through counsel. (ECF No. 7.) Subsequently, however, defense counsel moved to withdraw and the court granted the motion. (ECF No. 22.) Thereafter, the plan was and has remained unrepresented. Plaintiff filed a Motion for Summary Judgment on October 14, 2011 which was denied by the court on May 22, 2012 (ECF No. 39) without prejudice and with leave to re-file. By text order, the court issued specific directives to Plaintiff's counsel in order to effectuate service of the motion for upon the Defendant. Plaintiff's counsel re-filed the instant motion on June 1, 2012 and also filed a certificate of service (ECF No. 43) related to the motion which indicated that Plaintiff's counsel complied with the Court's directive and served a copy of the Motion by depositing a copy in the U.S. Mail to the Plan's address in care of Senenet, Inc. in Oregon and to the address of Michael A.

Grassmueck, also indicated in Defendant's counsel's motion for withdrawal as the last known address of the Plan. This Court issued a Notice of Hearing on July 25, 2012 (ECF No. 47) and mailed a copy of that Notice via Certified Mail to both addresses provided to the court for the Plan. (ECF No. 48.) The Plan has not filed a response to Plaintiff's Motion nor did it appear at the hearing. For the following reasons, the relief sought by Plaintiff is hereby granted.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, Plaintiff seeks ERISA governed health insurance benefits from the Defendant ERISA governed health benefits plan. The underlying dispute involves a plaintiff, his medical provider (AnMed Health), and his health insurer, Defendant Senenet, Inc., Employee Health Care Plan ("the Plan"). From November 13 to November 15, 2008, Plaintiff was hospitalized at AnMed. (ECF No. 42-3 at 1, ¶ 4) At the time, Plaintiff was a participant in the plan (ECF No. 42-3 at 1, ¶ 3), which is a self-funded ERISA governed entity. (ECF No. 7.) Plaintiff directed AnMed to file claims with the plan for the medical care provided to him from November 13-15, 2008. (ECF No. 42-3 at 1, ¶ 4.) On January 21, 2009 an explanation of benefit form ("EOB") was issued to Plaintiff from the Plan's administrator concerning the referenced charges. (ECF No. 42-3 at 8.) According to the EOB, AnMed billed charges of $123,201.07. The plan paid $70,847.00 towards the billed charges and claimed a preferred provider organization ("PPO") discount on the remaining charges. (ECF No. 42-3 at 8-9.) On December 22, 2009, the Plaintiff received a first collection notice advising that he owed AnMed $44,962.01 for the unpaid balance. (ECF No. 42-3 at 2, 8-9.) Plaintiff has continued to receive collection notices from AnMed as the provider maintains that Plaintiff has an outstanding balance for the charges incurred. The Plan did not pay this balance because it claimed a provider agreement exists between AnMed and the Plan. (ECF No. 42-3 at 9.)

Subsequently, Plaintiff and his counsel engaged in dialogue with the Plan's administrator to inquire about the balance and was informed that there was a pricing dispute between AnMed and the Plan. (ECF No. 42-3 at 6.) The Plan's third-party administrator, HealthComp, through its Chief Legal Counsel, wrote correspondence to AnMed's bill collector asserting that AnMed was prohibited from balance billing Plaintiff because of the agreement and also indicated to Plaintiff that he should not have been billed by AnMed and therefore had a zero balance. (ECF No. 42-3 at 7.) Several letters were exchanged over the course of several months and these letters are attached as exhibits to Plaintiff's Motion. Despite these efforts, AnMed nor Plaintiff has been provided a copy of the preferred provider agreement. The Plan administrator referred to the agreement on occasion, however, Plaintiff has not been provided with the preferred provider agreement. (ECF No. 42-4 at 50, 72.) Plaintiff attempted to address the dispute through an administrative appeal to no avail.

Thus, this case was filed on July 23, 2010 (ECF No. 1) and an answer was filed by the Plan on September 3, 2010. (ECF No. 7.) An ERISA case management order was entered on September 7, 2010 (ECF No. 10) and an Amended ERISA case management order was entered on November 22, 2010 (ECF No. 13). Plaintiff filed a Motion to Compel and Remand on January 18, 2011 (ECF No. 15) seeking a court order to compel the Plan to provide all the documents upon which its ERISA claim determination was made and to remand the matter back to the Plan for additional review and processing after the Plan and its administrators produced the required documentation. Shortly thereafter, on February 4, 2010, counsel for the defendant filed a motion to withdrawal as counsel for the Plan. (ECF No. 17.) The motion was made on the grounds that the Plan had been terminated because the Plan sponsor, Senenet, Inc., filed for

bankruptcy and its assets and the assets of its related entities were sold at auction to an unrelated third-party company. (ECF No. 17.)

In an order entered May 2, 2011, the court granted in part and denied in part Plaintiff's Motion to Compel and for Remand. (ECF No.22.) The Plan was ordered to produce all documents in its possession as required by 29 C.F.R. § 2560.503-1, including but not limited to the preferred provider agreement upon which the subject ERISA claim determination was made. Otherwise, Defendant's counsel was ordered to file an affidavit concerning search efforts and the status of the documents sought. Counsel for the Plan subsequently filed affidavits (ECF Nos. 24 & 25) indicating that they had searched for the preferred provider agreement applicable to the Plan but could not locate it. Counsel also indicated that upon information and belief, a copy of the preferred provider agreement may be in possession of HealthComp, the former third party administrator for the Plan; First Choice Health, the provider network; or AnMed Health, the provider. In the instant Motion, Plaintiff's counsel noted his efforts to subpoena the entities mentioned in counsel for Defendant's Declaration. (ECF No. 42.) The entities indicated that they did not have any responsive documents.

## SUMMARY JUDGMENT STANDARD

Summary judgment under Federal Rule of Civil Procedure 56 may not be granted unless the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Clark v. Alexander*, 85 F.3d 146, 150 (4th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)). The court's role is not to weigh evidence and determine the truth of the matter, but rather to determine if there exists a genuine issue for trial. *Fulton by Fulton v. Westvaco Corp.*, 930 F.Supp. 1115, 111 (D.S.C. 1995), *aff'd*,

87 F.3d 1308 (4th Cir. 1996). "If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of demonstrating that no genuine issue of material fact exists lies with the moving party. *Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F.Supp. 416, 420 (D.S.C. 1995). All reasonable referenced that may be adduced from the summary judgment record must be drawn in favor of the non-moving party. *Id*.

## ERISA LAW/ STANDARD OF REVIEW

As explained recently by the Fourth Circuit, "judicial review of an ERISA plan administrator's decision is 'under a de novo standard unless the plan provides to the contrary.' But when the plan language grants the administrator discretionary authority, review is conducted under the familiar abuse-of-discretion standard." *Carden v. Aetna Life Ins. Co*., 559 F.3d 256, 259-60 (4th Cir. 2009).

An ERISA claimant is generally required to exhaust administrative remedies provided in his or her employee benefit plan before commencing an ERISA action in federal court. *See Hickey v. Digital Equip. Co.*, 43 F.3d 941, 945 (4th Cir. 1995). A "clear and positive" showing of futility is required to circumvent the exhaustion requirement. *Id.* "When administrative exhaustion is excused, the trial court must determine the claimant's entitlement to benefits in the first instance." *See Riggs v. A. J. Ballard Tire & Oil Co., Inc.*, 979 F.2d 848 (Table) (4th Cir. 1992) ("The magistrate judge found that exhaustion would be futile in this instance in view of Ballard's bad faith and the total failure of the Company to take any action on Riggs' claim or to

supply him the information he sought. We cannot say that this finding is clearly erroneous. Therefore, Riggs' failure to exhaust administrative remedies is excused.").

Pursuant to ERISA regulations, an ERISA claim is denied when a plan has reached an "adverse benefit determination" under 29 C.F.R. § 2560.503-1 which can include a denial or a "failure to provide or make payment (in whole or in part)." *See also* 29 U.S.C. § 1133. Additionally, 29 C.F.R. § 2560.503-1(g) sets forth the manner and content of notification of the benefits determination which must include a written or electronic notification of any adverse benefit determination setting forth, among other things, the specific reason(s) for the adverse determination. Pursuant to 29 C.F.R. § 2560.503–1(h)(1), every employee benefits plan must have a procedure under which the participant can appeal an adverse benefit determination and have a full and fair review of the claim and decision. *See also* 29 U.S.C. § 1133. As part of the "full and fair review," claimants are to receive and be provided: (1) at least sixty days following the receipt of an adverse benefit determination within which to appeal the determination; (2) the opportunity to submit written comments, documents, records and other information related to the claim for benefits; (3) a review that takes in account all of the documents, comments, records and other information submitted by the claimant related to the claim; (4) and upon request, and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. *See* 29 C.F.R. § 2560.503-1(h)(2)(I)-(iv); *see also Taliaferro v. Associates Corp. of North America*, 112 F. Supp.2d 483 (D.S.C. 1999) ("Under ERISA, Mr. Talaiferro was entitled to a 'full and fair review' of the decision to deny his application for disability benefits."). A document is considered "relevant" so as to be required to be provided upon request if it was relied upon in making the benefits determination. *See* 29 C.F.R. § 2560.503-1(m)(8). Additionally, 29 C.F.R. § 2560.503–1(j) requires the plan

6

administrator to provide written notification of the outcome of the review, including "[t]he specific reason or reasons for the adverse determination." A denial of benefits will be considered reasonable and will not be overturned under the abuse of discretion standard if the decision "'is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.'" *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (quoting *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995).

## **ANALYSIS**

As noted above, Plaintiff took efforts to appeal the EOB and asked the Plan to act on his appeal, provide the documents it was obligated to provide under 29 C.F.R. § 2560.503-1, and to review Plaintiff's claim and issue a decision. The Plan, however, was ultimately unable to produce the documents and failed to act on Plaintiff's appeal. The ERISA plan document at issue here contains discretionary language. (ECF No. 42-5.) Under the circumstances, however, it is clear that any further attempts by Plaintiff to exhaust administrative remedies are futile. *See Riggs v. A. J. Ballard Tire & Oil Co., Inc.*, 979 F.2d 848 (Table) (4th Cir. 1992). Even if the court were to apply an abuse of discretion standard, the outcome would be the same.[1] When a plan administrator has abused its discretion, a district court may either reverse the decision or remand the matter to the administrator for further review. *See DuPerry v. Life Ins. Co. of North*

---

[1] In *Champion v. Black & Decker, Inc.,* 550 F.3d 353, 359 (4th Cir. 2008), the Fourth Circuit set forth the following factors that may be considered by courts in determining whether an abuse of discretion occurred: (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*America*, 632 F.3d 860 (4th Cir. 2011); *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 609 (4th Cir. 1999). Remand should be used sparingly and is most appropriate "where the plan itself commits the trustees to consider relevant information which they failed to consider or where [the] decision involves 'records that were readily available and records that trustees had agreed that they would verify.'" *Elliott*, 190 F.3d at 609 (quoting *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir. 1985)). Remand is not appropriate where it "would serve no purpose," meaning that a clear and positive showing has been made that further exhaustion of administrative remedies would be futile. *DuPerry*, 632 F.3d at 875-876.

In this instance, there is no real administrative record for the court to review and no Plan/Plan Administrator to consider a remanded claim. The Plan answered the complaint and answered Local Rule 26.01 Interrogatories but subsequently failed to defend itself or produce the document that would resolve this issue for Plaintiff, the preferred provider agreement. Based upon the undisputed facts in the record, the Plan failed to pay approximately $44,962.01 in health benefits to AnMed based upon an alleged preferred provider discount agreement which has not been produced as required by law. Under the circumstances, the court finds that a clear and positive showing has been made that a remand would be futile. The court further finds that the Plan did not engage in a deliberate, principled reasoning process in denying Plaintiff's benefits. The Plan also abused discretion in failing to produce all of the documents relied upon in making the claims decision.

Accordingly, for the reasons set forth above, the court finds that Plaintiff is entitled to benefits against the plan pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B). Accordingly, judgment is entered in Plaintiff's favor against the Plan in the amount of $44,962.01.

**IT IS SO ORDERED.**

                                          s/Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
October 22, 2012